IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| APRIL REEVES | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SEPTA | : | NO.  19-4163 |

## MEMORANDUM

**Padova, J.**                                                              **February 24, 2020**

Plaintiff brings this pro se lawsuit against her former employer pursuant to Title VII of the

Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq.  SEPTA, her former employer,

has moved to dismiss the Complaint for failure to state a claim upon which relief can be granted

pursuant to Federal Rule of Civil Procedure 12(b)(6).  We grant the Motion for the following

reasons.

## I.      BACKGROUND

The Complaint alleges that Plaintiff was a railroad conductor in SEPTA's Regional Rail

Division.  (Compl. at 6 of 10.)  SEPTA terminated her employment on February 7, 2011 "based

on a made up policy."  (Id.)  SEPTA terminated the employment of a total of three women and

two men based on this policy.  (Id.)  Plaintiff was told that she could return to work once she was

cleared by her doctor.  (Id. at 7 of 10.)  One of the men who had been terminated was permitted to

return to work shortly after his termination, but Plaintiff was not permitted to return to work for

nearly four years.  (Id.)  During the first two years, SEPTA hired new employees, all of whom

were male.  (Id.)  In 2013, Plaintiff contacted her state representative regarding SEPTA's failure

to hire women during this time.  (Id.)

Plaintiff returned to work in January 2015 as an Assistant Conductor.  (Id. at 8 of 10.)  In

May 2015, Plaintiff was placed in an unpaid SEPTA's Engineer Training Program to requalify as

a conductor.  (Id.)  She did not pass her final exam and was not offered another job by SEPTA.

(Id.)  Plaintiff had to go on railroad unemployment.  (Id.)  The Complaint alleges that SEPTA

discriminated and retaliated against Plaintiff based on her sex/gender by terminating her

employment on June 3, 2015.  (Id. at 5-6 of 10.)  Plaintiff alleges that she was not offered another

job by SEPTA in retaliation for speaking out about SEPTA's failure to hire women.  (Id. at 8 of

10.)

## II.    LEGAL STANDARD[1]

When considering a motion to dismiss pursuant to Rule 12(b)(6), we consider "only the

complaint, exhibits attached to the complaint, [and] matters of public record, as well as

undisputedly authentic documents if the complainant's claims are based upon these documents."

Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White

Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).  We "'accept all factual allegations [of

the complaint] as true [and] construe the complaint in the light most favorable to the plaintiff.'"

DelRio-Mocci v. Connolly Props., Inc., 672 F.3d 241, 245 (3d Cir. 2012) (second alteration in

original) (quoting Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011)).  A plaintiff's

pleading obligation is to set forth "'a short and plain statement of the claim,'" which gives "'the

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp.

v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (first quoting Fed. R. Civ. P. 8(a)(2);

and then quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  The complaint must contain

---

[1] SEPTA filed the instant Motion to Dismiss on December 9, 2019 and served a copy of
the Motion on Plaintiff by first-class mail on that same day.  (See Docket No. 14.)  Plaintiff has
not filed a response to the Motion.  Nonetheless, we have considered the Motion on its merits.  See
Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991) (concluding that district courts
generally should not grant Rule 12(b)(6) motions as uncontested without analyzing such motions
on their merits, although it may be appropriate to grant such motions as uncontested where the
plaintiff is represented by an attorney).

"'sufficient factual matter to show that the claim is facially plausible,' thus enabling 'the court to draw the reasonable inference that the defendant is liable for [the] misconduct alleged.'" Warren Gen. Hosp., 643 F.3d at 84 (quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)).

## III.  DISCUSSION

SEPTA moves to dismiss the Complaint on the ground that Plaintiff's claims are time-barred because Plaintiff did not file a charge of discrimination with the EEOC within the time limitation provided in Title VII.[2]  "[I]n states with an agency authorized to grant relief for prohibited employment discrimination, like Pennsylvania, employees must resort to that state remedy." Williams v. Pennsylvania Human Relations Comm'n, 870 F.3d 294, 298 (3d Cir. 2017) (citation omitted). "Employees must also file a 'charge' with the EEOC within 300 days of the alleged unlawful employment practice, or within 30 days after receiving notice that the analogous state agency has terminated proceedings, whichever is earlier.  Id. (citations omitted).  "The purpose of this exhaustion requirement is 'to give the administrative agency the opportunity to investigate, mediate, and take remedial action.'"  Id. (quoting Fowlkes v. Ironworkers Local 40, 790 F.3d 378, 384 (2d Cir. 2015)).  Thus, "[t]o file a suit under Title VII, a plaintiff must file a charge with the EEOC within 300 days of the complained of action or the suit is time-barred." Bartos v. MHM Corr. Servs., Inc., 454 F. App'x 74, 77-78 (3d Cir. 2011) (footnote omitted) (citing Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109-10 (2002)).

---

[2] SEPTA also argues, in the alternative, that the Complaint should be dismissed because it does not allege a facially plausible prima facie case of sex-based discrimination or retaliation. However, because we grant dismiss the Complaint as time-barred, we need not address SEPTAA's alternative argument.

Plaintiff states in the Complaint that SEPTA discriminated and retaliated against her by terminating her employment on June 3, 2015.  (See Compl. at 6 of 10.)  Plaintiff thus had 300 days from June 3, 2015 to file a charge with the EEOC.  See Williams,  870 F.3d at 298.  Plaintiff filed her charge of discrimination on January 17, 2019, considerably more than 300 days after SEPTA terminated her employment.  (See Compl. at 9 of 10.)  We conclude that Plaintiff filed her charge of discrimination with the EEOC well beyond the 300-day time limit for doing so and the instant suit is, accordingly, time-barred.[3]  See Freeman v. Harris, 716 F. App'x 132, 134 (3d Cir. 2018) (affirming dismissal of Title VII claims where plaintiff untimely filed her EEOC complaint several years after her employer failed to promote her); Azadpour v. AMCS Grp., Inc., Civ. A. No. 19-1968, 2020 WL 564755, at *3 (E.D. Pa. Feb. 5, 2020) (granting motion to dismiss Title VII claim as untimely because plaintiff filed his charge of discrimination with the EEOC 499 days after the defendant rescinded his offer of employment); Byter v. Allegheny Cty. Jail, Civ. A. No. 17-1675, 2018 WL 4407837, at *3 (W.D. Pa. Sept. 17, 2018) (granting motion to dismiss Title VII claim because plaintiff filed his EEOC complaint more than 300 days after he was terminated). Consequently, we grant SEPTA's Motion to Dismiss.

---

[3] We note that a claim that is subject to dismissal because the plaintiff failed to timely file a charge of discrimination with the EEOC "can be saved by the doctrine of equitable tolling, which suspends the deadline to file a charge when an EEOC charge's accrual date has already passed." Hung Nguyen v. Bosch Sec. Sys., Inc., Civ. A. No. 18-1675, 2018 WL 5839701, at *2 (E.D. Pa. Nov. 8, 2018) (citing Ruehl v. Viacom, Inc., 500 F.3d 375, 384 (3d Cir. 2007)).  "In employment discrimination cases, courts apply equitable tolling when (1) the defendant actively misled the plaintiff respecting the reason for the plaintiff's discharge, and (2) this deception caused the plaintiff's non-compliance with the limitations provision."  Id. (citing Ruehl, 500 F.3d at 384). We conclude that equitable tolling does not apply in this case because the Complaint does not allege any facts that would indicate that Plaintiff failed to timely file her charge of discrimination with the EEOC because SEPTA actively misled her regarding the reason for her discharge.

**IV. CONCLUSION**

"[I]n civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007); see also Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) ("[I]f a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile." (citing Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002))). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997)). We conclude that amendment would be futile because this suit is clearly time-barred. Accordingly, we dismiss this action with prejudice.

BY THE COURT:

/s/ John R. Padova

_____

John R. Padova, J.